IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JERRY L GATER**                                                                                          **PETITIONER**
*REG #42425-044*

V.                              CASE NO. 2:23-cv-00054-LPR-JTK

**C EDGE**                                                                                                  **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

I.   **Introduction**

On March 10, 2023, Jerry Gater, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Gater challenges the manner in which the BOP calculated his sentence. Specifically, he argues that he is entitled to additional First Step Act ("FSA") credits and should be immediately released to a residential re-entry program.

On July 12, 2023, Respondent filed a response to Mr. Gater's petition, stating that the BOP had correctly calculated Mr. Gater's FSA credits and, as such, his petition should be dismissed as

moot. (Doc. No 11)

On October 3, 2023, Mr. Gater filed a Notice of Change of Address, noting that he had been released to a residential re-entry program located in Neelyville, Missouri. (Doc. No. 14)

On January 31, 2024, this Court ordered that Mr. Gater show cause within 30 days as to why his case should not be dismissed as moot. (Doc. No. 15) That Order also warned Mr. Gater that his failure to comply would result in the recommended dismissal of his petition. More than 30 days have passed, and Mr. Gater has not filed anything with the Court or otherwise responded to the Order. Under these circumstances, the Court concludes that the petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2), and for failure to respond to the Court's Order. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Additionally, Mr. Gater has been released into a residential re-entry program and has received the relief he sought in his petition. As such, his release has rendered the petition as moot.

## II.    III.    **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Gater has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Gater has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## III.    Conclusion

For the reasons set forth above, IT IS RECOMMENDED the Petition for Writ of Habeas

Corpus (Doc. No. 1) be dismissed with prejudice.

DATED THIS 6th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE